IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL LAVONN SNOWDEN,

    Petitioner,

v.                                                                          Civil No. 3:19CV16

D. HACKWORTH,

    Respondent.

## MEMORANDUM OPINION

Michael Lavonn Snowden, a Virginia state prisoner proceeding *pro se* brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his conviction in the Circuit Court of the City of Portsmouth, Virginia ("Circuit Court"). In his § 2254 Petition, Snowden argues that he is entitled to relief based upon the following grounds:[1]

Claim One:   "Commonwealth denied Petitioner explicit right to confront his accuser." (§ 2254 Pet. 7.)

Claim Two:   "Due process of law violations, by Portsmouth Police Dept., in obtaining; Commonwealth allowing admission of statements violating self-incrimination privilege." (*Id.* at 19.)

Claim Three:   "Evidence was insufficient to convict Petitioner of statutory burglary, with the intent to commit larceny, assault and battery, etc." (*id.* at 29), because:
(a) the destruction of property charge was dismissed and there was no evidence of damage to the shed (*id.*);
(b) "he did not enter or exit the shed" (*id.* at 31);
(c) "a shed is not a building, or place of human habitation . . . Commonwealth is not sufficient in proving element to sustain a conviction" (*id.*).

Claim Four:   "Evidence was insufficient to prove Petitioner attempted to steal, or and the intention to steal any of Bell's property" (*id.* at 32), because "the

---

[1] The Court corrects the capitalization, spelling, and punctuation in quotations from Snowden's submissions. The Court employs the pagination assigned by the CM/ECF docketing system for citations to the record.

destruction of property charge (against the shed) was dismissed" (*id.* at 33).

Respondent moves to dismiss the § 2254 Petition on the ground that Snowden has failed to exhaust his state court remedies with respect to all of his claims. Snowden has filed a response. For the reasons stated below, the Motion to Dismiss (ECF No. 13) will be GRANTED.

## I. PROCEDURAL HISTORY

Following a bench trial, the Circuit Court convicted Snowden of statutory burglary and attempted petit larceny, third or subsequent offense. (*See* ECF No. 15–1, at 1–2.) The Circuit Court sentenced Snowden to an active term of four years of incarceration. (*Id.*) Snowden appealed, challenging the sufficiency of the evidence for both convictions. (ECF No. 15–2, at 12.) Specifically, he argued:

> 1. The trial court erred when it denied Defendant's motion to strike the Commonwealth's evidence at the conclusion of all the evidence as insufficient to convict Defendant of Statutory Burglary because the Commonwealth failed to prove Defendant did enter in the nighttime the shed at 601 Peninsula Avenue, Portsmouth, Virginia with the intent to commit larceny, assault and battery, or a felony other than murder, rape, robbery or arson. (Preserved at T.70–72)
> 2. The trial court erred when it denied Defendant's motion to strike the Commonwealth's evidence at the conclusion of all the evidence as insufficient to convict Defendant of Attempted Third Offense Petit Larceny because the Commonwealth failed to prove Defendant had the intent to steal any of Bell's property. (Preserved at T.70–72)
> 3. The trial court erred when it denied Defendant's motion to strike the Commonwealth's evidence at the conclusion of all the evidence as insufficient to convict Defendant of Attempted Third Offense Petit Larceny because the Commonwealth failed to prove Defendant attempted to steal any of Bell's personal property. (Preserved at T.70–72)

(*Id.*) The Court of Appeals of Virginia denied his petition for appeal finding sufficient evidence to sustain his convictions. (ECF No. 15–4, 1–6.) The Supreme Court of Virginia refused Snowden's subsequent petition for appeal. (ECF No. 15–8, at 1.)

Snowden did not file a state habeas petition in the Circuit Court of the Supreme Court of Virginia. Instead, he initiated this § 2254 Petition. For the reasons stated below, Snowden's

§ 2254 Petition will be DISMISSED WITHOUT PREJUDICE for failure to exhaust his state court remedies.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

### A. Applicable Law

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (some internal quotation marks omitted) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92, 492 n.10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before the petitioner can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "opportunity" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.*

3

Fair presentation demands that a petitioner present "both the operative facts and the controlling legal principles" to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks omitted) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[2] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citations omitted). Absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law," or a showing that "failure to consider the claims will result in a fundamental miscarriage of justice," this Court cannot review the merits of a defaulted claim. *Coleman*, 501 U.S. at 750; *see Harris v. Reed*, 489 U.S. 255, 262 (1989).

---

[2] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

4

In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); *see also* Va. Code § 8.01-654(A)(1) (2019). "Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his [federal habeas] claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them." *Banks v. Johnson*, No. 3:07CV746–HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008) (second alteration added) (quoting *Graham v. Ray*, No. 7:05cv00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005); *see also Sparrow*, 439 F. Supp. 2d at 587.

### B. Snowden's Claims are Unexhausted

To exhaust his claims, Snowden was required to present properly his claims to the Supreme Court of Virginia. Snowden failed to raise any of the four claims he presents here before the Supreme Court of Virginia. Snowden admits that he did not raise Claims One or Two in the state courts, but contends that counsel is at fault for not raising these claims. (§ 2254 Pet. 7, 18–19.) Snowden indicates that he raised Claims Three and Four on direct appeal. (*Id.* at 30, 32.) Although it is true that Snowden challenged the sufficiency of the evidence on direct appeal, the reasons why he believes insufficient evidence existed are not the same as those reasons presented in his direct appeal. On appeal, counsel argued that Snowden lacked the *intent* to commit larceny and that the Commonwealth failed to prove that Snowden actually attempted to steal personal property. (*See* ECF No. 15–2, at 12); *supra* Part I. In his § 2254 Petition, Snowden argues:

> Claim Three: "Evidence was insufficient to convict Petitioner of statutory burglary, with the intent to commit larceny, assault and battery, etc." (*id.* at 29), because:
> (a) the destruction of property charge was dismissed and there was no evidence of damage to the shed (*id.*);
> (b) "he did not enter or exit the shed" (*id.* at 31);

5

Claim Four:
(c) "a shed is not a building, or place of human habitation . . . Commonwealth is not sufficient in proving element to sustain a conviction" (*id.*).

Claim Four: "Evidence was insufficient to prove Petitioner attempted to steal, or and the intention to steal any of Bell's property" (*id.* at 32), because "the destruction of property charge (against the shed) was dismissed" (*id.* at 33).

Snowden's claims here are simply not the same claims as he raised on appeal. Because Snowden failed to raise any of the four claims he raises here in the state courts, they are unexhausted. Accordingly, Snowden's § 2254 Petition will be DISMISSED WITHOUT PREJUDICE.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 13) will be GRANTED. Snowden's claims will be DISMISSED WITHOUT PREJUDICE and his § 2254 Petition will be DENIED WITHOUT PREJUDICE. The action will be DISMISSED WITHOUT PREJUDICE. Snowden may file a § 2254 petition once he has exhausted his state court remedies. A certificate of appealability will be DENIED.

/s/ [signature]
Roderick C. Young
United States Magistrate Judge

Date: March 23, 2020
Richmond, Virginia